UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

WILLIAM T. SMITH, as Personal
Representative of the Estate of
JUSTIN K. SMITH, deceased

    Plaintiff,

v.

OSCEOLA COUNTY, FLORIDA,
Officer MICHAEL NEGRON, JR., individually,
Officer ARNALDO TORRES-VEGA, individually,
Officer ERICK VEGA, individually, and
Sergeant CHRISTOPHER ROARK, individually

    Defendants.
_____/

Case No. 6:24-cv-01746

## DEFENDANT, OSCEOLA COUNTY'S, ANSWER AND AFFIRMATIVE DEFENSES

COMES NOW, Defendant, OSCEOLA COUNTY (hereinafter referred to as "Defendant" or "County"), by and through its undersigned counsel and hereby files its Answer and Affirmative Defenses to Plaintiff's Complaint, and states as follows:

1. Admitted for jurisdictional and venue purposes only, otherwise denied. Defendant specifically denies both the factual and legal basis for Plaintiff's claims.

2. Admitted for jurisdictional and venue purposes only, otherwise denied. Defendant specifically denies both the factual and legal basis for Plaintiff's claims.

3. Paragraph 3 of the Complaint is a general statement that does not require a response. To the extent that a response is required, it is denied as framed.

4. Denied for lack of knowledge as to the veracity of the averment.

5. Denied for lack of knowledge as to the veracity of the averment.

6. Denied for lack of knowledge as to the veracity of the averment.

7. Paragraph 7 of the Complaint is a general statement that does not require a response. To the extent that a response is required, it is admitted that Defendant is a governmental entity in the State of Florida; otherwise, it is denied as framed.

8. Admitted that at the time of the incident which is the subject of this lawsuit, the Decedent was incarcerated at the Osceola County Jail, otherwise denied as framed. Defendant specifically denies both the factual and legal basis for Plaintiff's claims.

9. Admitted that at the time of the incident which is the subject of this lawsuit, Michael Negron, Jr., was employed at the Osceola County Jail. Defendant specifically denies both the factual and legal basis for Plaintiff's claims.

10. Denied as framed. It is clarified that at the time of the incident which is the subject of this lawsuit, Arnaldo Torres-Vargas, was employed at the Osceola County Jail. Defendant specifically denies both the factual and legal basis for Plaintiff's claims.

11. Admitted that at the time of the incident which is the subject of this lawsuit, Erick Vega, was employed at the Osceola County Jail. Defendant specifically denies both the factual and legal basis for Plaintiff's claims.

12. Admitted that at the time of the incident which is the subject of this lawsuit, Christopher Roark, was employed at the Osceola County Jail. Defendant specifically denies both the factual and legal basis for Plaintiff's claims.

13. Admitted that this Honorable Court can exercise its jurisdiction and venue in the present case. Defendant specifically denies both the factual and legal basis for Plaintiff's claims.

14. Denied as framed and strict proof is demanded thereof.

15. Admitted subject to verification.

16. Denied as framed.

17. Denied as framed.

18. Denied and strict proof is demanded thereof.

19. Denied and strict proof is demanded thereof.

20. Denied and strict proof is demanded thereof.

21. Denied and strict proof is demanded thereof.

22. Denied and strict proof is demanded thereof.

23. Denied and strict proof is demanded thereof.

24. Denied and strict proof is demanded thereof.

25. Denied and strict proof is demanded thereof.

26. Denied as framed.

27. Denied as framed.

28. Denied and strict proof is demanded thereof.

29. Denied and strict proof is demanded thereof.

30. Denied as framed.

31. Denied and strict proof is demanded thereof.

32. Denied and strict proof is demanded thereof.

33. Denied and strict proof is demanded thereof.

34. Denied and strict proof is demanded thereof.

35. Denied and strict proof is demanded thereof.

36. Denied and strict proof is demanded thereof.

37. Denied and strict proof is demanded thereof.

38. Denied and strict proof is demanded thereof.

39. Denied and strict proof is demanded thereof.

40. Denied as framed and strict proof is demanded thereof.

41. Denied as framed and strict proof is demanded thereof.

42. Denied and strict proof is demanded thereof.

43. Denied as framed.

44. Denied and strict proof is demanded thereof.

45. Denied and strict proof is demanded thereof.

46. Denied as framed and strict proof is demanded thereof.

47. Denied as framed and strict proof is demanded thereof.

48. Paragraph 48 of the Complaint is a general statement that does not require a response. To the extent that a response is required, it is denied as framed. Defendant specifically denies both the factual and legal basis for Plaintiff's claims.

49. Paragraph 49 of the Complaint is a general statement that does not require a response. To the extent that a response is required, it is denied as framed. Defendant specifically denies both the factual and legal basis for Plaintiff's claims.

50. Paragraph 50 of the Complaint is a general statement that does not require a response. To the extent that a response is required, it is denied as framed. Defendant specifically denies both the factual and legal basis for Plaintiff's claims.

51. Paragraph 51 of the Complaint is a general statement that does not require a response. To the extent that a response is required, it is denied as framed. Defendant specifically denies both the factual and legal basis for Plaintiff's claims.

52. Paragraph 52 of the Complaint is a general statement that does not require a response. To the extent that a response is required, it is denied as framed. Defendant specifically denies both the factual and legal basis for Plaintiff's claims.

53. Paragraph 53 of the Complaint is a general statement that does not require a response. To the extent that a response is required, it is denied as framed. Defendant specifically denies both the factual and legal basis for Plaintiff's claims.

54. Denied and strict proof is demanded thereof.

55. Denied and strict proof is demanded thereof.

56. Denied and strict proof is demanded thereof.

57. Denied as framed and strict proof is demanded thereof.

58. Denied as framed.

59. Paragraph 59 of the Complaint is a general statement that does not require a response. To the extent that a response is required, it is denied as framed. Defendant specifically denies both the factual and legal basis for Plaintiff's claims.

60. Denied and strict proof is demanded thereof.

61. Denied as framed.

62. Denied as framed.

63. Denied as framed.

64. Denied as framed.

65. Denied as framed.

66. Denied as framed.

67. Denied as framed.

68. Denied and strict proof is demanded thereof.

69. Denied and strict proof is demanded thereof.

70. Denied as framed.

71. Denied as framed.

72. Paragraph 72 of the Complaint and its subsections are denied as framed.

73. Denied as framed.

74. Denied as framed.

75. Denied and strict proof is demanded thereof.

76. Denied and strict proof is demanded thereof.

77. Denied and strict proof is demanded thereof.

78. Denied and strict proof is demanded thereof.

79. Denied as framed and strict proof is demanded thereof.

80. Denied as framed and strict proof is demanded thereof.

81. Denied as framed and strict proof is demanded thereof.

82. Denied as framed and strict proof is demanded thereof.

83. Denied as framed and strict proof is demanded thereof.

84. Paragraph 84 of the Complaint and its subsections are denied as framed.

85. Denied as framed.

86. Denied as framed.

87. Denied as framed and strict proof is demanded thereof.

88. Denied as framed and strict proof is demanded thereof.

89. Denied as framed and strict proof is demanded thereof.

90. Denied as framed and strict proof is demanded thereof.

91. Denied as framed and strict proof is demanded thereof.

92. Denied as framed and strict proof is demanded thereof.

93. Denied as framed and strict proof is demanded thereof.

94. Denied as framed and strict proof is demanded thereof.

95. Denied as framed and strict proof is demanded thereof.

96. Denied as framed and strict proof is demanded thereof.

97. Denied as framed and strict proof is demanded thereof.

98. Paragraph 98 of the Complaint and its subsections are denied as framed and strict proof is demanded thereof.

99. Denied as framed and strict proof is demanded thereof.

100. Denied as framed and strict proof is demanded thereof.

101. Denied and strict proof is demanded thereof.

102. Denied and strict proof is demanded thereof.

103. Denied and strict proof is demanded thereof.

104. Denied as framed and strict proof is demanded thereof.

105. Paragraph 105 of the Complaint and its subsections are denied as framed.

106. Denied as framed and strict proof is demanded thereof.

107. Denied as framed and strict proof is demanded thereof.

108. Denied as framed and strict proof is demanded thereof.

109. Denied as framed and strict proof is demanded thereof.

110. Paragraph 110 of the Complaint is a general statement that does not require a response. To the extent that a response is required, it is denied for lack of knowledge as to the veracity of the averment.

## **COUNT I – WRONGFUL DEATH AGAINST OSCEOLA COUNTY**

Defendant hereby realleges and incorporates by reference its responses to the allegations contained in paragraphs 1 through 110, as if fully stated herein.

111. Denied as framed and strict proof is demanded thereof.

112. Denied as framed and strict proof is demanded thereof.

113. Denied as framed and strict proof is demanded thereof.

114. Denied as framed and strict proof is demanded thereof.

115. Denied as framed and strict proof is demanded thereof.

9

116. Denied as framed and strict proof is demanded thereof.

117. Denied as framed and strict proof is demanded thereof.

118. Denied and strict proof is demanded thereof.

119. Paragraph 119 of the Complaint and its subsections are denied as framed and strict proof is demanded thereof.

120. Paragraph 120 of the Complaint is a general statement that does not require a response. To the extent that a response is required, it is denied as framed. Defendant specifically denies both the factual and legal basis for Plaintiff's claims.

121. Paragraph 121 of the Complaint is a general statement that does not require a response. To the extent that a response is required, it is denied as framed. Defendant specifically denies both the factual and legal basis for Plaintiff's claims.

122. Denied and strict proof is demanded thereof.

123. Paragraph 123 of the Complaint is a general statement that does not require a response. To the extent that a response is required, it is denied as framed. Defendant specifically denies both the factual and legal basis for Plaintiff's claims.

124. Paragraph 124 of the Complaint and its subsections are denied as framed and strict proof is demanded thereof.

## COUNT II - DEPRIVATION OF RIGHTS PURSUANT TO 42 U.S.C. §1983 AGAINST DEFENDANT, MICHAEL NEGRON, JR.

Defendant hereby realleges and incorporates by reference its responses to the allegations contained in paragraphs 1 through 110, as if fully stated herein.

125– 136. Paragraphs 125 through 136 of the Complaint are addressed against a party other than the appearing Defendant, for which no response is required. To the extent that a response is required, they are denied and strict proof is demanded thereof.

### COUNT III – DEPRIVATION OF RIGHTS PURSUANT TO 42 U.S.C. §1983 AGAINST DEFENDANT, ARNALDO TORRES-VARGAS

Defendant hereby realleges and incorporates by reference its responses to the allegations contained in paragraphs 1 through 110, as if fully stated herein.

137– 148. Paragraphs 137 through 148 of the Complaint are addressed against a party other than the appearing Defendant, for which no response is required. To the extent that a response is required, they are denied and strict proof is demanded thereof.

### COUNT IV – DEPRIVATION OF RIGHTS PURSUANT TO 42 U.S.C. §1983 AGAINST DEFENDANT, ERICK VEGA

Defendant hereby realleges and incorporates by reference its responses to the allegations contained in paragraphs 1 through 110, as if fully stated herein.

149– 160. Paragraphs 149 through 160 of the Complaint are addressed against a party other than the appearing Defendant, for which no response is required. To the extent that a response is required, they are denied and strict proof is demanded thereof.

### COUNT V – DEPRIVATION OF RIGHTS PURSUANT TO 42 U.S.C. §1983 AGAINST DEFENDANT, CHRISTOPHER ROARK

Defendant hereby realleges and incorporates by reference its responses to the allegations contained in paragraphs 1 through 110, as if fully stated herein.

161– 172. Paragraphs 161 through 172 of the Complaint are addressed against a party other than the appearing Defendant, for which no response is required. To the extent that a response is required, they are denied and strict proof is demanded thereof.

### COUNT VI – DEPRIVATION OF RIGHTS PURSUANT TO 42 U.S.C. §1983 AGAINST DEFENDANT, OSCEOLA COUNTY

Defendant hereby realleges and incorporates by reference its responses to the allegations contained in paragraphs 1 through 110, as if fully stated herein.

173. Paragraph 173 of the Complaint is a general statement that does not require a response. To the extent that a response is required, it is denied as framed. Defendant specifically denies both the factual and legal basis for Plaintiff's claims.

174. Denied and strict proof is demanded thereof.

175. Paragraph 175 of the Complaint and its subsections are denied and strict proof is demanded thereof.

176. Denied and strict proof is demanded thereof.

177. Denied and strict proof is demanded thereof.

178. Denied and strict proof is demanded thereof.

179. Denied and strict proof is demanded thereof.

180. Denied and strict proof is demanded thereof.

181. Denied and strict proof is demanded thereof.

182. Denied and strict proof is demanded thereof.

183. Denied and strict proof is demanded thereof.

184. Denied and strict proof is demanded thereof.

185. Denied and strict proof is demanded thereof.

186. Denied and strict proof is demanded thereof.

187. Denied and strict proof is demanded thereof.

188. Paragraph 188 of the Complaint and its subsections are denied and strict proof is demanded thereof.

189. Denied and strict proof is demanded thereof.

190. Paragraph 190 of the Complaint and its subsections are denied and strict proof is demanded thereof.

## [PLAINITFF'S] DEMAND FOR JURY TRIAL

191. Paragraph 191 of the Complaint is a general statement that does not require a response. To the extent that a response is required, it is denied. Defendant specifically denies both the factual and legal basis for Plaintiff's claims.

**\* Any allegation that was not expressly admitted by Defendant is deemed denied.**

**\*\* Defendant denies the underlying Complaint's prayers for relief.**

## AFFIRMATIVE DEFENSES

1. Plaintiff's underlying Complaint fails to state claims or causes of action upon which relief may be granted. Even assuming that Plaintiff is entitled to relief, which is denied, Plaintiff is not entitled to any or all remedies requested in the underlying Complaint and/or its prayers for relief, including but not limited to the Decedent's pain and suffering and/or hedonic damages.

2. Defendant affirmatively alleges and asserts that the conduct of the Decedent was the sole proximate cause of any damages to Plaintiff and Decedent's Estate. Accordingly, the Plaintiff's recovery, if any, should be reduced by the ratio in which the Decedent's own actions caused or contributed to the alleged damages.

3. Defendant affirmatively alleges and asserts that the alleged damages sustained by the Plaintiff were the direct result of an independent sufficient intervening cause unrelated to the acts of Defendant.

4. Defendant affirmatively alleges and asserts that at all times material hereto, Defendant adequately trained and supervised its employees with regard to the rights of citizens, including but not limited to the Decedent.

5. Defendant affirmatively alleges and asserts that no state or federally protected rights of the Plaintiff's decedent and/or the Plaintiff have been infringed on or violated, thus barring Plaintiff's recovery under any theory.

6. Defendant affirmatively alleges and asserts that at all times material hereto, its employees were acting within their discretionary capacity and, as such, Defendant is entitled to sovereign immunity.

7. Defendant affirmatively alleges and asserts that any liability, which said liability is specifically denied, is subject to the terms, provisions, restrictions, limitations, exclusions, monetary amounts and requirements set forth in Florida Statute § 768.28. All claims of the Plaintiffs against this Defendant are limited to the statutory limitation on damages contained in that statute. Defendant should not be liable to pay any claim or judgement in connection with this matter in an amount that exceeds the limited waiver of sovereign immunity established in §768.28(5) Florida Statutes and any other applicable law.

8. Defendant affirmatively alleges and avers that it is immune under the doctrines of sovereign, absolute and qualified immunity, which is afforded to public officials and/or their employer.

9. Defendant affirmatively alleges and avers that punitive damages may not be assessed against this Defendant under State or Federal law.

10. Defendant affirmatively alleges and avers that the damages and/or injuries which were allegedly sustained by the Plaintiff were the direct result of the Decedent's own actions and accordingly Plaintiff's claims should be barred or in the alternative should be reduced in direct proportion to the Decedent's own

actions and/or omissions.

11. Defendant affirmatively alleges that no Constitutional, State or Federally protected rights of the Decedent and/or Plaintiff have been infringed or violated.

12. Defendant affirmatively alleges that there was no official custom, policy or longstanding practice which was the motivating force behind any of the alleged violations so as to give rise to Defendant's liability for the alleged violations.

13. Defendant affirmatively alleges that there was no direct causal link between an official governmental custom, policy or practice and the alleged deprivations which are claimed to have been sustained by the Decedent and/or Plaintiff.

14. Defendant affirmatively alleges that any violation of any state or federal protected rights of the Plaintiff was not done under color of state law.

15. Defendant affirmatively alleges that the conduct complained of by Plaintiff does not rise to the level of a Constitutional deprivation and does not raise a Federal question so as to warrant the imposition of liability upon this Defendant.

16. Defendant affirmatively alleges that Plaintiff's alleged damages are limited to those damages that are specifically set forth in the Florida Wrongful Death Act.

17. Defendant affirmatively alleges that if there does now exist a clearly established law which prohibits the Defendant's conduct complained of, then such law should not be applied retroactively.

18. Defendant affirmatively alleges that all acts of the Defendant were conducted in good faith, in the actual and reasonable belief that any such actions were legal and proper under the circumstances.

19. Defendant affirmatively alleges that Plaintiff has failed to mitigate its alleged damages, and as such, should be barred from recovering those damages which could and should have been mitigated by Plaintiff.

20. Defendant affirmatively alleges that at all times material hereto, it had in force and effect adequate policies, training and procedure.

21. Defendant affirmatively alleges that should the Plaintiff prevail in this cause of action, that Defendant is entitled to a set off of any and all sums paid by any other individual and/or entities who caused or contributed to the Plaintiff's damages.

22. Defendant affirmatively alleges that the Plaintiff's allegations are in effect claims for medical negligence and they do not rise to the level of a constitutional violation. Additionally, Plaintiff did not comply with the conditions precent for such claims.

\*\*\* Defendant hereby reserves the right to supplement this Answer with

additional affirmative defenses as a result of any investigation and/or discovery proceedings.

**DEMAND FOR JURY TRIAL**

Defendant hereby demands trial by a jury for all issues and questions so triable.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this this 3rd day of October, 2024, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a true and correct copy of the foregoing through a notice of electronic filing to: Counsel for Plaintiff, Jeremy K. Markman, Esq., markman@kingmarkman.com ; jgalvan@kingmarkman.com ; and Counsel for co-defendants, Lyman H. Reynolds, Jr., Lreynolds@rrbpa.com bsmith@rrbpa.com; James Raymond Jimenez    jjimenez@rrbpa.com.

        /s/ *Ramon Vazquez*
Ramon Vazquez, Esq.
Florida Bar No.: 196274
Primary Email: rvazquez@roperpa.com
Secondary Email: smiddleton@roperpa.com
Roper, Townsend & Sutphen, P.A.
255 S. Orange Ave., Suite 750
Orlando, Florida 32801
Telephone: (407) 897-5150
Facsimile: (407) 897-3332
Counsel for Osceola County