# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

WILLIAM T. SMITH,

        Plaintiff,

v.                                    Case No:   6:24-cv-1746-CEM-LHP

OSCEOLA COUNTY, FLORIDA,
MICHAEL NEGRON, JR., ARNALDO
TORRES-VARGAS, ERICK VEGA and
CHRISTOPHER ROARK,

        Defendants

_____

## ORDER

Before the Court are the following motions:

- Plaintiff's Motion to Strike Defendant, Erick Vega's Affirmative Defenses to Plaintiff's Amended Complaint with Incorporated Memorandum of Law (Doc. No. 41);

- Plaintiff's Motion to Strike Defendant, Christopher Roark's Affirmative Defenses to Plaintiff's Amended Complaint with Incorporated Memorandum of Law (Doc. No. 42);

- Plaintiff's Motion to Strike Defendant, Michael Negron, Jr.'s Affirmative Defenses to Plaintiff's Amended Complaint with Incorporated Memorandum of Law (Doc. No. 59);

- Plaintiff's Motion to Strike Defendant, Arnaldo Torres-Vargas' Affirmative Defenses to Plaintiff's Amended Complaint with Incorporated Memorandum of Law (Doc. No. 60).[1]

In each, Plaintiff seeks to strike affirmative defenses 2, 5, and 6 from Defendants' answers. *See* Doc. Nos. 34–35, 54–55. Defendants oppose. Doc. Nos. 56–57, 61–62. Upon review, Plaintiff's motions (Doc. Nos. 41–42, 59–60) will be **DENIED.**

Federal Rule of Civil Procedure 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." However, "motions to strike under Federal Rule of Civil Procedure 12(f) are decidedly disfavored and are generally time wasters for the Court and counsel." *Erdogam v. Suntree Country Club, Inc.*, No. 6:14-cv-1991-Orl-41DAB, 2015 WL 12838848, at *1 (M.D. Fla. Feb. 10, 2015) (citation omitted). A motion to strike is a drastic remedy that will ordinarily be granted only if the

---

[1] Plaintiff has also filed an Amended Motion to Strike Defendant Osceola County, Florida's Affirmative Defenses to Plaintiff's Amended Complaint with Incorporated Memorandum of Law, Doc. No. 47, but that motion will be addressed by separate Order.

material sought to be stricken is insufficient as a matter of law. *Arthurs v. Glob. TPA LLC*, No. 6:14-cv-1209-Orl-40TBS, 2015 WL 13652716, at *1 (M.D. Fla. Feb. 6, 2015) (citations omitted). "For a court to find a defense insufficient as a matter of law, the defense must be (1) patently frivolous on the face of the pleadings, or (2) clearly invalid as a matter of law." *Wlodynski v. Ryland Homes of Fla. Realty Corp.*, No. 8:08-cv-361-T-JDW-MAP, 2008 WL 2783148, at *1 (M.D. Fla. July 17, 2008) (citing *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 683 (M.D. Fla. 2002)).

A court should not strike an affirmative defense unless it is "shown that the allegations being challenged are so unrelated to [a party's] claims as to be unworthy of any consideration as a defense and that their presence in the pleading throughout the proceeding will be prejudicial to the moving party." *Erdogam*, 2015 WL 12838848, at *1. "An affirmative defense should survive if it comports with Rule 8(c)'s purpose—'guarantee[ing] that the opposing party has notice of any additional issue that may be raised at trial.'" *Hernandez-Hernandez v. Hendrix Produce, Inc.*, No. 6:13-cv-53, 2014 WL 726426, at *3 (S.D. Ga. Feb. 24, 2014) (alteration in original) (quoting *Hassan v. U.S. Postal Serv.*, 842 F.2d 260, 263 (11th Cir. 1988)).

Here, the affirmative defenses at issue by each Defendant state:

2. Plaintiff's Amended Complaint fails to state a cause of action against the Defendant for which relief can be granted.

5. Alternatively, Defendant states that the Plaintiff has failed to set forth any pecuniary damages allegedly sustained as a result of the death of Justin K. Smith.

6. There is no legal basis for an award of punitive damages against the Defendant pursuant to federal law. Defendant further invokes his rights to due process under the Fifth and Fourteenth Amendments to the United States Constitution and alleges that to award punitive damages would violate the Due Process Clause of the Fifth and Fourteenth Amendments.

Doc. No. 34, at 12; Doc. No. 35, at 11–12; Doc. No. 54, at 11–12; Doc. No. 55, at 11–12.

Plaintiff argues that defenses 2 and 5 are not affirmative defenses, and thus they should be stricken or alternatively treated as specific denials. *E.g.*, Doc. No. 41, at 4–5. As to defense 6, Plaintiff contends that the defense is insufficient as a matter of law because punitive damages may be assessed against Defendants in their individual capacities. *Id.* at 6. Defendants, on the other hand, argue that none are true affirmative defenses but instead specific denials, and that each places Plaintiff on sufficient notice. Doc. Nos. 56–57, 61–62.

Upon review, the Court agrees with Defendants that none of the defenses are due to be stricken. "Denials . . . that do not meet the technical definition of an affirmative defense, should not be stricken, but treated as specific denials." *PNC Bank v. Craggs Constr. Co.*, No. 5:16-cv-398-Oc-30PRL, 2016 WL 6493908, at *2 (M.D. Fla. Nov. 2, 2016) (citation omitted); *see also William Stone Premier Props., LLC v. Oni*

*Babatunde E.*, No. 6:16-cv-2157-Orl-31GJK, 2017 WL 2266919, at *3 (M.D. Fla. May 8, 2017), *report and recommendation adopted*, 2017 WL 2257720 (M.D. Fla. May 23, 2017) ("When a specific denial is labeled as an affirmative defense, a court will generally treat the defense as a denial and not strike it.").

Here, the defenses at issue are not true affirmative defenses, but rather denials. *See, e.g.*, *Abajian v. HMSHost Corp.*, No. 0:20-CV-60324, 2020 WL 1929134, at *5 (S.D. Fla. Apr. 21, 2020) (citation omitted) (finding that "[p]unitive damages are not a separate cause of action but part of a plaintiff's prayer for relief and, as such, cannot separately support affirmative defenses," and treating defense against entitlement to punitive damages as a specific denial); *Sos v. State Farm Mut. Auto. Ins. Co.*, No. 6:17-cv-890-Orl-40KRS, 2017 WL 8813072, at *2 (M.D. Fla. Dec. 8, 2017) (treating affirmative defense that the plaintiff failed to state a claim as a denial and declining to strike it); *Merrill v. Dyck-O'Neal, Inc.*, No. 2:15-cv-232-FtM-38MRM, 2015 WL 4496101, at *2 (M.D. Fla. July 23, 2015) (treating a "no damages" defense as a specific denial and declining to strike it).

Accordingly, the proper remedy is to treat these defenses as denials, rather than strike them. *See also Reese v. Fla. BC Holdings, LLC*, No. 6:17-cv-1574-Orl-41GJK, 2017 WL 8812778, at *1 (M.D. Fla. Nov. 28, 2017), *report and recommendation adopted*, 2018 WL 1863832 (M.D. Fla. Jan. 16, 2018) ("Affirmative defenses that do not admit the complaint's factual allegations, but are vehicles to attack the

sufficiency of the complaint are treated as denials by courts within this district and are generally not stricken.").

Accordingly, Plaintiff's motions (Doc. Nos. 41–42, 59–60) are **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on March 17, 2025.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties