**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

WILLIAM T. SMITH,

    Plaintiff,

v.                                Case No:   6:24-cv-1746-CEM-LHP

OSCEOLA COUNTY, FLORIDA,
MICHAEL NEGRON, JR., ARNALDO
TORRES-VARGAS, ERICK VEGA and
CHRISTOPHER ROARK,

    Defendants

**ORDER**

Before the Court is Plaintiff's Amended Motion to Strike Defendant, Osceola County, Florida's Affirmative Defenses to Plaintiff's Amended Complaint with Incorporated Memorandum of Law.  Doc. No. 47.  Defendant Osceola County, Florida ("Osceola County") responds in opposition.  Doc. No. 58.  Plaintiff seeks to strike defenses Nos. 1, 2, 3, 4, 5, 6, 8, 10, 11, 12, 13, 15, 16, 17, 18, and 20 from Osceola County's answer to Plaintiff's amended complaint.  Doc. No. 47.  *See* Doc. No. 30.  Upon review, Plaintiff's motion (Doc. No. 47) will be **DENIED.**

"An affirmative defense is one that admits to the complaint, but avoids liability, wholly or partly, by new allegations of excuse, justification or other

negating matters." *Royal Palm Sav. Ass'n v. Pine Trace Corp.*, 716 F. Supp. 1416, 1420 (M.D. Fla. 1989) (citation omitted). Affirmative defenses are subject to the general pleading requirements of Federal Rule of Civil Procedure 8. *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 684 (M.D. Fla. 2002). According to Rule 8, a party must "state in short and plain terms its defenses to each claim asserted against it" and "must affirmatively state any avoidance or affirmative defense." Fed. R. Civ. P. 8(b)(1)(A), (c)(1).

Federal Rule of Civil Procedure 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." However, "motions to strike under Federal Rule of Civil Procedure 12(f) are decidedly disfavored and are generally time wasters for the Court and counsel." *Erdogam v. Suntree Country Club, Inc.*, No. 6:14-cv-1991-Orl-41DAB, 2015 WL 12838848, at *1 (M.D. Fla. Feb. 10, 2015) (citation omitted). A motion to strike is a drastic remedy that will ordinarily be granted only if the material sought to be stricken is insufficient as a matter of law. *Arthurs v. Glob. TPA LLC*, No. 6:14-cv-1209-Orl-40TBS, 2015 WL 13652716, at *1 (M.D. Fla. Feb. 6, 2015) (citations omitted). "For a court to find a defense insufficient as a matter of law, the defense must be (1) patently frivolous on the face of the pleadings, or (2) clearly invalid as a matter of law." *Wlodynski v. Ryland Homes of Fla. Realty Corp.*,

No. 8:08-cv-361-T-JDW-MAP, 2008 WL 2783148, at *1 (M.D. Fla. July 17, 2008) (citing *Jesse's Computers & Repair, Inc.*, 211 F.R.D. at 683).

A court should not strike an affirmative defense unless it is "shown that the allegations being challenged are so unrelated to [a party's] claims as to be unworthy of any consideration as a defense and that their presence in the pleading throughout the proceeding will be prejudicial to the moving party." *Erdogam*, 2015 WL 12838848, at *1 (citation omitted). "An affirmative defense should survive if it comports with Rule 8(c)'s purpose—'guarantee[ing] that the opposing party has notice of any additional issue that may be raised at trial.'" *Hernandez-Hernandez v. Hendrix Produce, Inc.*, No. 6:13-cv-53, 2014 WL 726426, at *3 (S.D. Ga. Feb. 24, 2014) (alteration in original) (quoting *Hassan v. U.S. Postal Serv.*, 842 F.2d 260, 263 (11th Cir. 1988)).

Here, Plaintiff first seeks to strike defenses Nos. 1, 4, 5, 6, 10, 11, 12, 13, 15, 18, and 20 as not proper affirmative defenses, or alternatively requests that the Court treat the defenses as denials. Doc. No. 47, at 4, 9–11. Collectively, these defenses assert: (1) the amended complaint fails to state a claim and Plaintiff is not entitled to damages (No. 1); (2) Osceola County properly trained and supervised its employees (No. 4); (3) there was no violation of rights, barring recovery (No. 5); (4) Osceola County's employees were acting in their discretionary capacity (No. 6); (5) there was no custom, policy, or practice behind the alleged violations giving rise to

liability (No. 10); (6) there is no causal link between any custom, policy, or practice and the alleged deprivations (No. 11); (7) any violation of rights was not done under color of state law (No. 12); (8) Plaintiff's allegations do not rise to the level of a constitutional deprivation (No. 13); (9) if there is now a clearly established law prohibiting the complained of conduct, it should not be applied retroactively (No. 15); (10) Osceola County had in force and effect adequate policies, training, and procedures (No. 18); and (11) Plaintiff's claims sound in medical negligence and do not rise to the level of a constitutional violation (No. 20).   Doc. No. 30, at 14–18.

Upon review, the Court declines to strike these defenses, as they are not true affirmative defenses but rather denials.  *See PNC Bank v. Craggs Constr. Co.*, No. 5:16-cv-398-Oc-30PRL, 2016 WL 6493908, at *2 (M.D. Fla. Nov. 2, 2016) ("Denials . . . that do not meet the technical definition of an affirmative defense, should not be stricken, but treated as specific denials." (citation omitted)); *see also William Stone Premier Props., LLC v. Oni Babatunde E.*, No. 6:16-cv-2157-Orl-31GJK, 2017 WL 2266919, at *3 (M.D. Fla. May 8, 2017), *report and recommendation adopted*, 2017 WL 2257720 (M.D. Fla. May 23, 2017) ("When a specific denial is labeled as an affirmative defense, a court will generally treat the defense as a denial and not strike it." (citation omitted)); *Reese v. Fla. BC Holdings, LLC*, No. 6:17-cv-1574-Orl-41GJK, 2017 WL 8812778, at *2 (M.D. Fla. Nov. 28, 2017), *report and recommendation adopted*, 2018 WL 1863832 (M.D. Fla. Jan. 16, 2018) ("Affirmative defenses that do not admit

the complaint's factual allegations, but are vehicles to attack the sufficiency of the complaint are treated as denials by courts within this district and are generally not stricken." (citations omitted)); *Ahamad v. Maxim Healthcare Servs., Inc.*, No. 5:13-cv-338-Oc-10PRL, 2013 WL 5781245, at *1 (M.D. Fla. Oct. 25, 2013) (declining to strike defenses asserting that the plaintiff had failed to state a claim; denying allegations in complaint; and that the damages were speculative, instead treating each as denials).

Next, Plaintiff seeks to strike defenses No. 2 (comparative negligence), No. 3 (intervening cause), and No. 17 (failure to mitigate damages) as insufficiently pleaded, or alternatively requests a more definite statement. Doc. No. 47, at 5–8, 14–15. However, although some courts have held to the contrary, and there is no binding precedent on this issue, the Court agrees with courts from this District holding that the pleading requirements set forth in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), do not apply to affirmative defenses. *See, e.g.*, *Gibson v. Am. Express Co.*, No. 6:20-cv-2216-CEM-LRH, 2021 WL 2828314, at *2 (M.D. Fla. Apr. 21, 2021) ("This Court . . . is among the many and possibly the majority of courts in the Middle District of Florida that have determined the pleading requirements of *Iqbal* and *Twombly* do not extend to affirmative defenses." (quoting *Leveille v. Upchurch*, No. 3:19-cv-908-BJD-MCR, 2021 WL 1530728, at *2 (M.D. Fla. Apr. 19, 2021))); *SB Holdings I, LLC v. Indian Harbor Ins.*

*Co.*, No. 6:19-cv-668-Orl-40DCI, 2019 WL 5395780, at *1 (M.D. Fla. June 28, 2019) ("[T]he Court agrees with the line of cases holding that the heightened pleading standard set forth in *Twombly* and *Iqbal* does not apply to affirmative defenses."); *Sos v. State Farm Mut. Auto. Ins. Co.*, No. 6:17-cv-890-Orl-40KRS, 2017 WL 8813072, at *3 (M.D. Fla. Dec. 8, 2017) ("[S]o long as Plaintiffs are given fair notice of the defense asserted, the affirmative defense need not be supported by detailed factual allegations." (citation omitted)).

Accordingly, because defenses No. 2, 3, and 17 give Plaintiff fair notice, the Court declines to strike them. *See McLendon v. Carnival Corp.*, No. 20-CV-24939, 2021 WL 848945, at *2 (S.D. Fla. Mar. 5, 2021) ("Defendant is not required to provide additional facts in order to sufficiently plead these affirmative defenses. Moreover, Plaintiff has failed to demonstrate that these affirmative defenses have no possible relation to this action."); *see also Dzafic v. Geovera Specialty Ins. Co.*, No. 8:08-cv-0026-T-24EAJ, 2008 WL 2950125, at *2 (M.D. Fla. July 31, 2008) (finding that "a bare-bones statement of the intent to rely on the defense [of failure to mitigate damages] is sufficient in cases where, at the time of pleading, the parties have conducted little or no discovery"). Notably, Plaintiff does not argue any prejudice by inclusion of the affirmative defenses in these proceedings. *See NBIS Constr. & Transp. Ins. Servs., Inc. v. Liebherr-Am., Inc.*, No. 8:19-cv-2777-T-33AAS, 2019 WL 12517020, at *2 (M.D. Fla. Dec. 30, 2019); s*ee also Reyher v. Trans World Airlines, Inc.*,

881 F. Supp. 574, 576 (M.D. Fla. 1995) ("To the extent that a defense puts into issue relevant and substantial legal and factual questions, it is 'sufficient' and may survive a motion to strike, particularly when there is no showing of prejudice to the movant." (citation omitted)).  And "[t]o the extent Plaintiff requires greater factual detail for these defenses, Plaintiff may acquire those facts through discovery."  *See Jones v. Kohl's Dep't Stores, Inc.*, No. 15-CIV-61626, 2015 WL 12781195, at *2 (S.D. Fla. Oct. 16, 2015) (citation omitted).

Finally, Plaintiff seeks to strike defenses No. 6, 8, and 16, arguing that they contain misstatements of law.  Doc. No. 47 at 11–14.  These defenses provide:

> 6. Defendant affirmatively alleges and asserts that at all times material hereto, its employees were acting within their discretionary capacity and, as such, Defendant is entitled to sovereign immunity under Florida law.
>
> 8. Defendant affirmatively alleges and avers that its employees are entitled to qualified immunity, and as such, Defendant cannot be liable for the alleged violation of the Decedent's and/or Plaintiff's civil rights.
>
> 16. Defendant affirmatively alleges that all acts of the Defendant and/or its employees were conducted in good faith, without malice or deliberate indifference, in the actual and reasonable belief that any such actions were legal and proper under the circumstances.

Doc. No. 30, at 15–17.

Upon review, Plaintiff cites no case where a court has stricken defenses similar to these. Doc. No. 47, at 11–14.[1] Moreover, while it is true that qualified immunity is unavailable to Osceola County as Plaintiff contends, *see Bristol v. Butts Cty., Ga.*, No. 5:24-CV-00137-TES-CHW, 2024 WL 3558737, at *5 (M.D. Ga. July 24, 2024) ("[Q]ualified immunity does not apply to counties." (citing, *inter alia*, *Leatherman v. Tarrant Cty. Narcotics Intel. & Coordination Unit*, 507 U.S. 163, 166 (1993))), Plaintiff does not demonstrate that Osceola County asserting that the *officers* have qualified immunity is wholly unrelated to the issues in this case. *Cf. Kearney v. Valley Nat'l Bank*, No. 8:21-cv-0064-KKM-TGW, 2022 WL 19754, at *3 (M.D. Fla. Jan. 3, 2022) ("Motions to strike are appropriate where an affirmative defense is legally insufficient on its face; a Court will not analyze whether a 'defense[ ] should fail on the merits' in the motion-to-strike context." (quoting *Schmidt v. Wells Fargo Bank*, N.A., 8:20-cv-150-T-33AAS, 2020 WL 1703801, at *3 (M.D. Fla. Apr. 8, 2020))). And importantly, Plaintiff argues no prejudice by inclusion of the defenses in these proceedings. *See* Doc. No. 47, at 11–14; *see also Gifford v. City of Tampa*, No. 8:08-cv-00112-T-17MSS, 2008 WL 2437540, at *11 (M.D.

---

[1] The only case cited by Plaintiff that concerned a motion to strike affirmative defenses, *Bre/Cocoa Beach Owner, L.L.C. v. Rolyn Companies, Inc.*, No. 6:12-cv-466-Orl-22GJK, 2012 WL 12905849 (M.D. Fla. Nov. 30, 2012), is factually inapposite and did not address defenses related to qualified immunity.

Fla. June 16, 2008) ("Defendant's affirmative defenses all have a possible relationship to the controversy and do not confuse the issues. The Plaintiffs have not alleged that they will be prejudiced by the denial of the motion to strike. Moreover, the affirmative defenses present relevant and substantial legal and factual questions sufficient to survive a motion to strike."); *Bluegreen Vacations Unlimited, Inc. v. Timeshare Termination Team, LLC*, No. 20-CV-25318, 2021 WL 2476488, at *8 (S.D. Fla. June 17, 2021) (declining to strike affirmative defense where the plaintiffs provided no legal authority to support their position, and the defenses adequately placed the plaintiffs on notice of the nature of the defenses).

Accordingly, the request to strike defenses No. 6, 8, and 16 will be denied. *Cf. Davis v. Holifield*, No. CA 21-0044-CG-MU, 2021 WL 6137309, at *6 (S.D. Ala. Dec. 9, 2021), *report and recommendation adopted,* 2021 WL 6134692 (S.D. Ala. Dec. 29, 2021) ("These 'immunity' defenses satisfy notice pleading and give Plaintiff fair notice of issues that may be raised at trial so that he is prepared to properly litigate those defenses.").

For these reasons, Plaintiff's Amended Motion to Strike Defendant, Osceola County, Florida's Affirmative Defenses to Plaintiff's Amended Complaint with Incorporated Memorandum of Law (Doc. No. 47) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on March 27, 2025.

*[Signature]*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties